IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED AUG 2 2 2016
Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| GREGORY L. WALLACE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, et al.,<br><br>Defendants. | CV 16-0043-BU-BMM-JCL<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Gregory Wallace, a prisoner at Montana State Prison, proceeding without counsel, has filed a motion for leave to proceed in forma pauperis (Doc 1) and a document which has been liberally construed as a civil complaint (Doc. 2). Wallace is barred from proceeding in forma pauperis by the three strikes provision of 28 U.S.C. § 1915(g). His motion to proceed in forma pauperis should therefore be denied.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury.

Wallace has filed four civil actions which have been dismissed for failure to state a claim. *See Wallace v. N. Cheyenne Corrections Officers, et al.*, CV-09-00116-BLG-RFC-CSO (D. Mont. Judgment of dismissal filed December 30, 2009); *Wallace v. Hamm, et al.*, CV-12-00073-BLG-RFC (D. Mont. Judgment of dismissal filed October 5, 2012); *Wallace v. Sioux-Assinniboine Corrections, et al.*, CV-15-00030-GF-BMM (D. Mont. Judgment of dismissal filed November 16, 2015); and *Wallace v. CIA/BIA Corrections, et al.*, CV-15-00055-M-DLC (D.Mon. Judgment of dismissal filed January 6, 2016).

Wallace has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g). Even when construed liberally in Wallace's favor, the allegations in the Complaint do not support a finding that Wallace is in "imminent danger of serious physical injury."

Wallace is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

**RECOMMENDATION**

The motion to proceed in forma pauperis (Doc. 1) should be DENIED. The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure if Wallace fails to pay the $400.00 filing fee within thirty days.

DATED this 22nd day of August, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge